UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

LEONARDO SIMPKINS,

    Petitioner,

v.                                          Case No: 5:23-cv-147-WFJ-PRL

SECRETARY, FLORIDA DEPARTMENT
OF CORRECTIONS, et al.,

    Respondents.
_____

ORDER

Before the Court is a motion entitled "Motion Requesting an Order for an Injunction for a Temporary Stay in a One Man Cell" (Doc. 6) and an "Addendum to Petitioner's 3/21/23 Motion Requesting an Order for an Injunction for a Temporary Stay in a One Man Cell" (Doc. 7), which was docketed in Petitioner's underlying case wherein he seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1). Petitioner moves for an injunction to compel the Secretary of the Florida Department of Corrections to place him in a one-man cell "at either a private institution or Florida State Prison." (*Id.* at 2).

Because Petitioner has neither complied with the Local Rules nor the Federal Rules of Civil Procedure and he has further failed to meet his burden with respect to the factors required for injunctive relief, his motion is denied.

## I.   Legal Standards

Injunctive relief such as a temporary restraining order is only appropriate where the movant demonstrates that: (a) there is a substantial likelihood of success on the merits; (b) the preliminary injunction is necessary to prevent irreparable injury; (c) the threatened injury outweighs the harm that a preliminary injunction would cause to the non-movant; and (d) the preliminary injunction would not be adverse to the public interest. *Parker v. State Bd. of Pardons & Paroles*, 275 F.3d 1032, 1034–35 (11th Cir. 2001); see also Fed. R. Civ. P. 65(b).

"The purpose of . . . a preliminary injunction is 'merely to preserve the relative positions of the parties until a trial on the merits can be held.'" *United States v. Lambert*, 695 F.2d 536, 539–40 (11th Cir. 1983) (quoting *University of Texas v. Camenisch*, 451 U.S. 390, 395 (1981)). "Because a preliminary injunction is 'an extraordinary and drastic remedy,' its grant is the exception rather than the rule, and Plaintiff must clearly carry the burden of persuasion." *Lambert*, 695 F.2d at 539 (quoting *State of Texas v. Seatrain International, S.A.*, 518 F.2d 175, 179 (5th Cir. 1975)).

When a preliminary injunction is sought to force another party to act, rather than simply maintain the status quo, it becomes a "mandatory or affirmative injunction" and the burden on the moving party increases. *Exhibitors Poster Exch. v. Nat'l Screen Serv. Corp.*, 441 F.2d 560, 561 (5th Cir. 1971).[1] Indeed a mandatory

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

injunction "should not be granted except in rare instances in which the facts and law clearly favor the moving party." *Id*. (quoting *Miami Beach Fed. Sav. & Loan Ass'n v. Callander*, 256 F.2d 410, 415 (5th Cir. 1958)); *see also Martinez v. Mathews*, 544 F.2d 1233, 1243 (5th Cir. 1976) ("Mandatory preliminary relief, which goes well beyond simply maintaining the status quo pendente lite, is particularly disfavored, and should not be issued unless the facts and law clearly favor the moving party."). Accordingly, a movant seeking such relief bears a heightened burden of demonstrating entitlement to preliminary injunctive relief. *See Verizon Wireless Pers. Commc'n LP v. City of Jacksonville, Fla.*, 670 F. Supp. 2d 1330, 1346 (M.D. Fla. 2009) (quoting the Southern District of New York, "Where a mandatory injunction is sought, 'courts apply a heightened standard of review; plaintiff must make a clear showing of entitlement to the relief sought or demonstrate that extreme or serious damage would result absent the relief.'"); *Mercedes-Benz U.S. Int'l, Inc. v. Cobasys, LLC*, 605 F. Supp. 2d 1189, 1196 (N.D. Ala. 2009).

## II.  Discussion

Petitioner has not shown that injunctive relief should be granted. First, he is not seeking to maintain the status quo. Instead, he is asking the Court to compel the Secretary to perform an act, to transfer him to a one-man cell in a different prison. (Doc. 6). Asking the Court to interfere with the prison's administration is something courts generally will not entertain. *See Bell v. Wolfish*, 441 U.S. 520, 547–48 (1979) ("[T]he operation of our correctional facilities is peculiarly the province of the Legislative and Executive Branches . . . not the Judicial.").

Finally, Petitioner did not comply with Rules 6.01 and 6.02 of the Local Rules of the United States District Court for the Middle District of Florida or Rule 65 of the Federal Rules of Civil Procedure when drafting his motion. These rules govern this Court's decision as to whether an injunction shall issue. Specifically, Petitioner has not provided a "precise and verified description of the conduct and the persons subject to restraint," but merely provided vague and unsupported allegations. M.D. Fla. L.R. 6.01(a)(2), 6.02(a)(1). Nor has Petitioner provided the security required by Rule 65(c) to "pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained."

Because Petitioner has not met his heightened burden or complied with the Local or Federal Rules for injunctive relief, his Motion Requesting an Order for an Injunction for a Temporary Stay in a One Man Cell (Doc. 6) is **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida on March 28, 2023.

WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Pro Se Party