UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

LEONARDO SIMPKINS,

    Petitioner,

v.       Case No: 5:23-cv-147-WFJ-PRL

SECRETARY, FLORIDA DEPARTMENT
OF CORRECTIONS,

    Respondent.
_____/

## ORDER

Before the Court is Petitioner Leonardo Simpkins' *pro se* Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254, Dkt. 1. The Secretary of the Florida Department of Corrections ("Respondent") has filed a Motion to Dismiss for Lack of Jurisdiction, Dkt. 12, to which Petitioner has replied, Dkt. 13. Upon careful consideration, the Court grants Respondent's motion and dismisses the petition without prejudice.

## DISCUSSION

In January 2009, Petitioner was found guilty of robbery with a firearm in the Circuit Court of the Fifth Judicial Circuit in and for Marion County, Florida.[1]

---

[1] Petitioner's underlying criminal case in Marion County Circuit Court is styled as *State v. Simpkins*, No. 2007-cf-3086-A.

Petitioner was sentenced to 20 years in prison. On February 27, 2012, Petitioner challenged his conviction and sentence by filing a § 2254 petition in the Middle District of Florida in *Simpkins v. Secretary, Department of Corrections*, No. 5:12-cv-117-WTH-PRL. The district court dismissed the petition as untimely on June 18, 2014. *See id.* (Dkt. 20). Nearly nine years later, on March 2, 2023, Petitioner initiated this action by filing a second § 2254 petition challenging his conviction and sentence. Dkt. 1. Given that Petitioner has not obtained permission from the Eleventh Circuit Court of Appeals to file a second habeas petition, Respondent moves to dismiss the petition for lack of jurisdiction. Dkt. 12.

Pursuant to 28 U.S.C. § 2244(b)(3)(A), a district court lacks jurisdiction to hear a "second or successive" § 2254 petition absent an order from the appropriate appellate court authorizing the petition's consideration. "[A] second petition is successive if the first was denied or dismissed with prejudice." *Candelario v. Warden*, 592 F. App'x 784, 785 n.1 (11th Cir. 2014). Dismissal of a § 2254 petition as untimely constitutes a dismissal with prejudice. *See Patterson v. Sec'y, Fla. Dep't of Corr.*, 849 F.3d 1321, 1325−26 (11th Cir. 2017) (en banc).

Here, there is no dispute that Petitioner's first § 2254 petition was dismissed as untimely. Because that dismissal operates as one with prejudice, *see id.*, Petitioner's instant § 2254 petition is successive, *see Candelario*, 592 F. App'x at 785 n.1. Petitioner does not allege that he applied to the Eleventh Circuit for an

2

order authorizing the Court to consider his successive petition. This Court is therefore without jurisdiction to hear Petitioner's claims. And because the Court is without jurisdiction, it cannot issue a certificate of appealability. *See Williams v. Chatman*, 510 F.3d 1290, 1295 (11th Cir. 2007).

## CONCLUSION

Accordingly, Respondent's Motion to Dismiss, Dkt. 12, is **GRANTED**. Petitioner's § 2254 Petition for Writ of Habeas Corpus, Dkt. 1, is **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction. A certificate of appealability is denied, and Petitioner is not entitled to proceed on appeal *in forma pauperis*. The Clerk is directed to enter judgment in favor of Respondent and close this case.

**DONE AND ORDERED** at Tampa, Florida, on July 14, 2023.

*/s/ William F. Jung*
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO:**
Petitioner, *pro se*
Counsel of Record